IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

RONNIE LEE CARROLL,       )
                          )
    Petitioner,            )
                          )
v.                         )   CV 106-4
                          )
VICTOR WALKER, Warden,    )
                          )
    Respondent.            )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, a prisoner pursuant to a state conviction entered in Richmond County, Georgia, filed a petition for writ of habeas corpus under Title 28, United States Code, Section 2254. Respondent has filed a response to the petition. For the reasons that follow, the Court recommends that the petition be **DISMISSED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of respondent.

## I. BACKGROUND

On October 27, 1998, a grand jury sitting in Richmond County indicted petitioner and a co-defendant on charges of burglary, kidnaping, malice murder, felony murder, armed robbery, and possession of a firearm during the commission of a crime. After a jury trial, petitioner was convicted of burglary, felony murder, and armed robbery. The trial court sentenced petitioner to life in prison. The Georgia Supreme Court affirmed petitioner's conviction and sentence. Carroll v. Georgia, 563 S.E.2d 125 (Ga. 2002).

Petitioner filed a petition for writ of habeas corpus with the state court on August 23, 2002. Resp. Ex. 1, 2. The state habeas court held an evidentiary hearing on November 19, 2003, and denied habeas relief on October 8, 2004. Resp. Ex. 4. The Georgia Supreme Court denied petitioner's application for a certificate of probable cause to appeal the habeas ruling on September 20, 2005. Resp. Ex. 5.

Petitioner then filed the instant Section 2254 petition on January 9, 2006. In his petition, petitioner alleges that his appellate counsel performed ineffectively in failing to challenge the introduction of statements that petitioner maintains were made after he had invoked his right to counsel. Petitioner also argues that his trial counsel performed ineffectively in failing to tell the jury that his former co-defendant had been acquitted of his charges in a separate trial.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into law on April 24, 1996, amended Section 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court addressed Section 2254(d) in Williams v. Taylor, 529 U.S. 362, 404 (2000). The Court explained:

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* . . . clearly established Federal law, as determined by the Supreme Court of the United States."

Id. at 404-05 (emphasis added).

The Eleventh Circuit has explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

> A state court decision is "contrary to" clearly established federal law if either (1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case.
>
> A state court conducts an "unreasonable application" of clearly established federal law if it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case. An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context. Notably, an "unreasonable application" is an "objectively unreasonable" application.

Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001) (internal citations omitted). Thus, a habeas petition may be granted if "the state court's decision was contrary to, or involved an objectively unreasonable application of, the governing Federal law set forth by Supreme Court cases." McIntyre v. Williams, 216 F.3d 1254, 1257 (11th Cir. 2000).

Section 2254(e)(1) sets a highly deferential standard of review for state court factual

3

determinations. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Fugate v. Head, 261 F.3d 1206, 1215 (11th Cir. 2001) (citations omitted); see also Crawford v. Head, 311 F.3d 1288, 1317 (11th Cir. 2002) (affirming state court factual determination "because there is support for it in the record and [the petitioner] has not rebutted the finding by clear and convincing evidence"). Moreover, "some evidence suggesting the possibility" that a petitioner's version of the pertinent facts is correct is not sufficient to carry the burden of showing that a state court made an unreasonable determination of fact as contemplated by Section 2254(d)(2). Bottoson v. Moore, 234 F.3d 526, 540 (11th Cir. 2000).

## III. DISCUSSION

Petitioner first claims that his appellate counsel performed ineffectively in failing to challenge the admission of petitioner's statements, which he argues were made after he had invoked his right to counsel, under state constitutional law. Petitioner also argues that his trial counsel should have informed the jury that petitioner's former co-defendant had been acquitted in a separate trial. The state habeas court considered and rejected both of these grounds for relief.

The Court must defer to the state court's findings unless those findings are contrary to, or involve an unreasonable application of, clearly established federal law. Putman, 268 F.3d at 1241. The Court notes that

> [c]learly established federal law is *not* the case law of the lower federal

4

    courts, including [the Eleventh Circuit]. Instead, in the habeas context, clearly established federal law refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state court decision.

Id.

  Ineffective assistance of counsel claims should be evaluated under the framework established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To succeed in an ineffective assistance of counsel claim under Strickland, a petitioner must show both that counsel's performance was ineffective and "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687.

  With regard to the performance prong of Strickland, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Strategic trial decisions are entitled to a "heavy measure of deference." Strickland, 466 U.S. at 691. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion -- though the presumption is not insurmountable - - is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted . . . ." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc).

  A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack

5

of sufficient prejudice, which we expect will often be so, that course should be followed." Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985). Under the prejudice prong of Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome . . . ." Id. at 616 (citing Strickland, 466 U.S. at 694-95).

The Supreme Court has held that the Strickland standard applies to claims of ineffective assistance of appellate counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986); Smith v. Murray, 477 U.S. 527, 535-36 (1986). In Jones v. Barnes, 463 U.S. 745 (1983), however, the Court held that the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue. Effective appellate counsel should "'winnow out' weaker arguments even though the weaker arguments may be meritorious." Id. at 751-52. "[A] deliberate, tactical decision not to pursue a particular claim is the very antithesis of the kind of circumstances that would warrant excusing a defendant's failure to adhere to a State's legitimate rules for the fair and orderly disposition of its criminal cases." Smith, 477 U.S. at 537.

Regarding the failure of petitioner's appellate counsel to challenge the introduction of petitioner's statements under state law, the state habeas court set forth the Strickland standard, then observed that petitioner's counsel

> admitted in retrospect, in light of the concurring opinion of two justices [in petitioner's appeal], he should had [sic] raised the issue of the admission of Petitioner's statement following Petitioner's possible request for counsel on state constitutional law grounds and not only on federal constitutional law grounds, and that he simply did not analyze it specifically under state

6

> constitutional law grounds, but that there was not evidence that in doing so, he could have secured votes from three other justices in addition. This Court notes in regard to this issue that there has been no showing of either prong of ineffective assistance of counsel, since it is clear from the concurring opinion that even under a state constitutional analysis, the state of the law at the time of Petitioner's appeal would not have required exclusion of Petitioner's statement or entitled Petitioner to a reversal of his conviction. At most, two of the justices would have suggested the adoption of a new rule of state constitutional law which would have required law enforcement to clarify Petitioner's ambiguous possible request for counsel.

Resp. Ex. 4 at 8-9.

The Court finds that the state habeas court properly applied the Strickland standard for ineffective assistance of counsel to this claim and that its conclusion is supported by substantial evidence. The Court further finds that, because petitioner's challenge is based on state, rather than federal, constitutional law, federal habeas relief would be inappropriate on this claim in any case. Federal habeas relief is only available where a state court decision is contrary to, or an unreasonable application of, clearly established *federal* law. Williams, 529 U.S. at 404.

In considering petitioner's contention that his trial counsel should have informed the jury that his former co-defendant had been acquitted, the state habeas court noted that,

> even if [petitioner's counsel's] failure to argue this was an oversight, that would not necessarily amount to constitutionally unreasonable performance given the universe of tasks facing counsel, nor has Petitioner established a reasonable probability of a different result given the evidence against Petitioner.
>
> Bearing in mind that counsel is not expected to be flawless and based on the entirety of the circumstances, evaluated from counsel's perspective at the time, without the benefit of hindsight, Petitioner has failed to carry his burden to establish objectively unreasonable performance by counsel at trial or on appeal or actual prejudice, that but for error by counsel, there is a reasonable probability that there would have been a difference result either at trial or on appeal.

7

Resp. Ex. 4 at 9-10.

The Court finds that the habeas court applied the correct constitutional standard in evaluating petitioner's ineffective assistance of counsel claim. Petitioner's challenge is essentially to his counsel's trial strategy, and he has not shown that his trial counsel's failure to raise a particular issue, even if the failure constituted ineffective assistance, was sufficient to undermine confidence in the outcome of the trial. Thus, the state habeas court properly denied relief on this ground.

## IV. CONCLUSION

For the reasons set forth above, the Court recommends that the petition for habeas corpus relief be **DISMISSED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of respondent.

SO REPORTED AND RECOMMENDED this ___ day of May, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| RONNIE LEE CARROLL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 106-4 |
| ) | |
| VICTOR WALKER, Warden, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Let a copy of this Report and Recommendation be served upon counsel for the parties. Any party who objects to this Report and Recommendation or anything in it must file, not later than May 18, 2006, specific objections with the Clerk of this Court. The Clerk will submit this Report and Recommendation together with any objections to the Honorable Dudley H. Bowen, Jr., United States District Judge, on May 19, 2006. Failure to file specific objections will bar any later challenge or review of the factual findings of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L.Ed.2d 435 (1985); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982) (*en banc*). In order to challenge the findings and recommendations of the Magistrate Judge, a party must, by May 18, 2006, file with the Clerk of the Court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all

other parties to the action.

Requests for extension of time to file objections to this Report and Recommendation shall be directed to the Honorable Dudley H. Bowen, Jr.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. The Judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the Magistrate Judge, making his own determination on the basis of that record. The Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a United States District Judge.

A party may not appeal a Magistrate Judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the discretion of a District Judge.

The Clerk is **DIRECTED** to serve a copy of this Report and Recommendation on counsel for all parties.

SO ORDERED this 2ND day of May, 2006, at Augusta, Georgia.

                                                  W. LEON BARFIELD
                                                  UNITED STATES MAGISTRATE JUDGE